**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

**DIAMOND SERVICES CORPORATION**

**VERSUS**                                                              CIVIL ACTION NO. 6:20-cv-00101

**COBBS ALLEN & HALL OF**                            JUDGE – MICHAEL J. JUNEAU
**LOUISIANA, INC.; DUAL CORPORATE**
**RISKS, LTD.; LLOYD'S SYNDICATE**              MAGISTRATE CAROL B. WHITEHURST
**NVA 2007; LLOYD'S SYNDICATE SKD**
**1897; LLOYD'S SYNDICATE 4711 ASP;**
**AND LLOYD'S SYNDICATE 1200 AMA**

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

          Respectfully submitted,

          s/ Mark E. Hanna
          ALAN G. BRACKETT (#14094)
          MARK E. HANNA (#19336)
          TREVOR M. CUTAIAR (#33082)
          JOSEPH S. TRYTTEN (#38921)
          MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC
          701 Poydras Street, Suite 4250
          New Orleans, Louisiana 70139
          Telephone:    (504) 595-3000
          Facsimile:    (504) 522-2121
          Email:    abrackett@mblb.com
                        mhanna@mblb.com
                        tcutaiar@mblb.com
                        jtrytten@mblb.com
          *Attorneys for Diamond Services Corporation*

# TABLE OF AUTHORITIES

**CASES**

*Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000). ................................................................ 4
*Beall v. Conoco Phillips Co.*, 2008 WL 2433579, at *3 n. 6 (M.D. La. June 16, 2008) ..................... 5, 11
*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) ..................................................... 7
*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) ...................................... 7
*Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) .................................................. 4
*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) .............................................................. 3
*Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) ................................................ 5, 6
*Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994) ............................................................................ 5, 6, 7
*Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) .......................................................... 4
*Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961) .................................. 3
*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) ..................................... 4
*Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ....................................... 3
*Green v. BP Am. Prod. Co.*, CV 18-0888, 2018 WL 5931148, at *4 (W.D. La. Oct. 26, 2018), report and recommendation adopted, CV 18-0888, 2018 WL 5931114 (W.D. La. Nov. 13, 2018) .......................... 11
*Howard v. Wal–Mart Stores, Inc.*, No. 09–164, 2009 WL 981688 (E.D. La. Apr. 13, 2009) ............. 5, 6, 8
*In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) .................................................. 5, 6, 8
*Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ...................... 3
*McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, 7:14-CV-913, 2015 WL 13203454, at *4-*5 (S.D. Tex. Feb. 3, 2015) ............................................................................................ 7
*Par. Disposal Indus., LLC v. BFI Waste Servs., LLC*, 2:13-CV-03068, 2014 WL 2207870, at *3 (W.D. La. May 27, 2014) ......................................................................................................................... 5, 8
*Petroleum Helicopters, Inc. v. Apical Indus., Inc.*, 6:13-CV-00015, 2013 WL 2297066, at *2 (W.D. La. May 23, 2013) .......................................................................................................................... 3, 4
*Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ........................ 3
*Scarlott v. Nissan N. Am. Inc.*, 771 F.3d 883, (5th Cir. 2014) ........................................................... 2, 3
*Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) ........................................................ 5, 6, 8
*St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) ........................................ 2
*Templet v. HydroChem, Inc.*, 367 F.3d 473, 481 n. 5 (5th Cir.2004) ..................................................... 7
*Thomas v. Wal-Mart Stores, Inc.*, CIV.A. 11-2365, 2012 WL 1019822, at *1 (E.D. La. Mar. 26, 2012) .. 3, 5, 6, 8
*Travis v. Irby*, 326 F.3d 644, 651, n.3 (5th Cir. 2003) .......................................................................... 4

**STATUTES**

Fed. R. Civ. P. 56(e) ................................................................................................................................ 8
La. R.S. 12:1-1443(C) ............................................................................................................................ 12
La. R.S. 12:163(G) ................................................................................................................................. 12

**OTHER AUTHORITIES**

Information Certificate, Cobbs Allen of New Orleans ........................................................................ 12
Information Certificate, First Insurance Agency, Inc. ................................................................... 12, 13

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ 1

TABLE OF CONTENTS .................................................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION TO REMAND ............................................ 1

   A. Procedural Posture ................................................................................................ 2

   B. Defendants Bear the Burden of Proof to Establish Improper Joinder ....................... 2

   C. Summary-Judgment-Type Evidence is Necessary to Establish Improper Joinder.... 4

   D. Defendants Failed to Meet Their Burden of Proof ....................................................... 6

      1. Defendants' Exhibits Are Not Authenticated as Evidence ..................................... 7

      2. Defendants' Exhibits Do Not Set Forth Any Evidence that Cobbs, Allen and Hall of Louisiana Did Not Issue Diamond's Policy .................................................................. 8

   E. First Insurance Agency, Inc. dba Cobbs Allen of New Orleans Is Not Diverse from Diamond ........................................................................................................................ 10

   Conclusion .................................................................................................................... 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DIAMOND SERVICES CORPORATION**

**VERSUS**                     CIVIL ACTION NO. 6:20-cv-00101

**COBBS ALLEN & HALL OF LOUISIANA, INC.; DUAL CORPORATE RISKS, LTD.; LLOYD'S SYNDICATE NVA 2007; LLOYD'S SYNDICATE SKD 1897; LLOYD'S SYNDICATE 4711 ASP; AND LLOYD'S SYNDICATE 1200 AMA**

JUDGE – MICHAEL J. JUNEAU

MAGISTRATE CAROL B. WHITEHURST

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

Plaintiff, Diamond Services Corporation, through undersigned counsel, moves that this Court remand this case to the 16th Louisiana Judicial District Court for the Parish of St. Mary.

Remand is appropriate because defendant Cobbs, Allen & Hall of Louisiana, Inc. ("CAH-L") is not diverse from Diamond; thus, this Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332.

Moreover, Defendants Dual Corporate Risks, Ltd.; Lloyd's Syndicate NVA 2007; Lloyd's Syndicate SKD 1897; Lloyd's Syndicate 4711 ASP; and Lloyd's Syndicate 1200 AMA (collectively "removing defendants") did not submit any summary-judgment-type evidence, such as affidavits and deposition testimony, as necessary to establish a claim of improper joinder. Thus, Defendants failed to satisfy their burden of proving that CAH-L was improperly joined and that Diamond is diverse from every defendant.

Finally, given Diamond's concomitantly-filed Motion for Leave to Amend and Supplement its Complaint, remand is appropriate even if the "proper entities"[1] are added as defendants. First Insurance Agency, Inc.—the entity that the removing defendants content actually issued Diamond's policy—is a Louisiana corporation.

### A.     Procedural Posture

Defendants filed their First Notice of Removal on January 21, 2020, alleging that Diamond improperly joined defendant CAH-L, which is a Louisiana citizen.[2] Defendants assert that the proper defendant is Cobbs, Allen & Hall, Inc. ("CAH-I"), which allegedly is an Alabama citizen.[3] Thus, defendants claim complete diversity.

Plaintiff files this Motion to Remand on the grounds that Defendants have failed to allege diversity jurisdiction under 28 U.S.C. § 1332.

### B.     Defendants Bear the Burden of Proof to Establish Improper Joinder

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and laws passed by Congress.[4] Subject matter jurisdiction must exist at the time of removal to federal court based on the facts and allegations contained in the complaint.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] *Id.*
[4] *Scarlott v. Nissan N. Am. Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).
[5] *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

A federal district court must remand a removed case to state court if "at any time before the final judgment it appears that the district court lacks subject matter jurisdiction."[6]

Federal courts are courts of limited jurisdiction, and are bound to strictly construe removal statutes.[7] Any ambiguities of fact and law should be resolved in favor of remand.[8]

Defendants must "distinctly and affirmatively allege" citizenship when removing a case based on diversity.[9] Furthermore, "the burden of establishing jurisdiction rests upon the party seeking to invoke it and cannot be placed upon the adversary who challenges it."[10] For those reasons, the party invoking diversity jurisdiction—the removing defendants—bear the burden of pleading diversity of citizenship.[11] This holds true even after a plaintiff files a Motion to Remand: "Once a motion to remand is filed, the burden is on the removing parties to prove that federal jurisdiction exists."[12]

Notably, a plaintiff need not provide any additional evidence to support its claim against the in-state defendant beyond the claims made in its initial petition—so long as

---

[6] *Scarlott*, 771 F.3d, 887.

[7] *Thomas v. Wal-Mart Stores, Inc.*, CIV.A. 11-2365, 2012 WL 1019822, at *1 (E.D. La. Mar. 26, 2012) (citing *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

[8] *Manguno*, 276 F.3d at 723.

[9] *Petroleum Helicopters, Inc. v. Apical Indus., Inc.*, 6:13-CV-00015, 2013 WL 2297066, at *2 (W.D. La. May 23, 2013) (citing *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (internal quotations omitted).

[10] *Petroleum Helicopters*, 2013 WL 2297066, *2 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961)) (internal quotations omitted).

[11] *Petroleum Helicopters*, 2013 WL 2297066, *2 (citing *Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)) (internal quotations omitted).

[12] *Petroleum Helicopters*, 2013 WL 2297066, *2 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)) (internal quotations omitted).

the defendants who removed the case fail to meet their burden of proof.[13] Rather, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[14]

Courts strictly interpret the removal statute because removing a case to federal court necessarily deprives a state court of a case otherwise properly before it—which itself implicates significant federalism concerns.[15] Thus, if there exists any doubt regarding whether removal is proper, a federal court must err against federal jurisdiction.[16]

### C. Summary-Judgment-Type Evidence is Necessary to Establish Improper Joinder

To establish the improper joinder of a non-diverse defendant, the removing plaintiff must demonstrate either (1) that there was actual fraud in the pleading of jurisdictional facts, or (2) that the plaintiff is unable to establish a cause of action against the non-diverse party in state court.[17]

To prove improper joinder in the Fifth Circuit, the removing defendant must demonstrate "that there is no possibility of recovery by the plaintiff against the in-state defendant;" or, in other words, "that there is no reasonable basis for the district court to

---

[13] *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 651, n.3 (5th Cir. 2003)).

[14] *Davidson*, 819 F.3d, 766.

[15] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

[16] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[17] *Petroleum Helicopters*, 2013 WL 2297066, *2 (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)).

predict that the plaintiff might be able to recover against an in-state defendant."[18]

Defendants who claim improper joinder bear a "heavy burden of proof; to prove their allegation of improper joinder, removing parties must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action in state court."[19] It is a "defendant's burden to show otherwise when it removed the case, not to remove first and ask questions later."[20]

In a case where improper joinder is alleged, a court may pierce the pleadings and consider "summary-judgment-type evidence," such as affidavits and deposition testimony.[21] The court can only consider such analysis if the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[22] Courts have referred to this process as a "summary inquiry."[23]

The summary inquiry exists only to "identify the presence of **discrete and undisputed** facts that would preclude plaintiff's recovery against the in-state defendant."[24] A summary inquiry should not explore any deeper than the cursory issues that "easily can be disproved if not true."[25]

---

[18] *Par. Disposal Indus., LLC v. BFI Waste Servs., LLC*, 2:13-CV-03068, 2014 WL 2207870, at *3 (W.D. La. May 27, 2014), citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004)

[19] *Thomas*, 2012 WL 1019822 at *2, quoting *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994) and *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (internal quotations omitted).

[20] *Beall v. Conoco Phillips Co.*, 2008 WL 2433579, at *3 n. 6 (M.D. La. June 16, 2008).

[21] *Thomas*, 2012 WL 1019822 at *2 (quoting *Howard v. Wal–Mart Stores, Inc.*, No. 09–164, 2009 WL 981688 (E.D. La. Apr. 13, 2009)) (quoting *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (internal quotations omitted) (emphasis added).

[22] *Smallwood*, 385 F.3d, 573.

[23] *Id.*

[24] *Id.* at 573-74 (emphasis added).

[25] *Id.* at n. 12.

The summary inquiry is intended to be a short and sweet examination—a "simple and quick exposure of the chances of the claim against the in-state defendant."[26] The fact that a defendant who requires anything more than such a cursory examination to prove improper joinder is, in and of itself, an indication that the removing party cannot prove its burden.[27]

### D. Defendants Failed to Meet Their Burden of Proof

Here, the removing defendants failed to meet their high burden to establish improper joinder. They failed to provide any "discrete and undisputed facts"[28] proving that "there is no possibility that [Diamond] would be able to establish a cause of action [against CAH-L] in state court."[29] Specifically, their exhibits to their Notice of Removal were insufficient to substantiate their claim of improper joinder for two reasons:

1. The removing defendants' exhibits were entirely unauthenticated and thus did not constitute "summary judgment type evidence";[30] and

2. The removing defendants' exhibits, even if properly authenticated, do not establish that Diamond has no reasonable possibility of recovery against CAH-L.

---

[26] *Id.* at 574.

[27] *Smallwood*, 385 F.3d, 574.

[28] *Id.* at 573-74.

[29] *Thomas*, 2012 WL 1019822 at *2 (quoting *Ford*, 32 F.3d at 935 and *Dodson*, 951 F.2d at 42) (internal quotations omitted).

[30] *See, e.g., In re 1994 Exxon Chemical Fire*, 558 F.3d, 385; *Thomas*, 2012 WL 1019822, at *2; *Howard*, 2009 WL 981688.

### 1.     <u>Defendants' Exhibits Are Not Authenticated as Evidence</u>

The removing defendants supported their claim of improper joinder by attaching three exhibits: an unauthenticated screenshot of a Louisiana Secretary of State search result; an unauthenticated printout of an email exchange between the Lloyd's defendants' counsel and the Cobbs Allen defendants, and a copy of an agreement between CAH-I (the alleged Alabama citizen), First Insurance, Inc. (not yet a party to this litigation), and Mr. Burnie Tappel (who the removing defendants claim is the agent who sold Diamond the insurance policy at issue).[31]

"Summary-Judgment-type-evidence" that courts consider when establishing improper joinder includes affidavits and deposition testimony, not unauthenticated statements.[32] Courts have disregarded, for example, screenshots from a website, unauthenticated spreadsheets, and a copy of a published brochure as evidence in support of improper joinder.[33]

The Fifth Circuit has held that "unsworn documents that are not properly authenticated are incompetent summary judgment evidence" for the purpose of considering removal.[34]

For a defendant to prove its burden in a summary inquiry, Courts rely on affidavits by knowledgeable parties coupled with additional supporting evidence to establish the parties' citizenship. In *Thomas v. Wal-Mart Stores, Inc.*, the court found an

---

[31] *See* R. Docs. 4, 5, and 6.

[32] *Ford,* 32 F.3d at 935; see also *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[33] *McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, 7:14-CV-913, 2015 WL 13203454, at *4-*5 (S.D. Tex. Feb. 3, 2015).

[34] *Templet v. HydroChem, Inc.,* 367 F.3d 473, 481 n. 5 (5th Cir.2004) (citing Fed. R. Civ. P. 56(e)).

affidavit by the Senior Associate General Counsel for Wal-Mart Stores, Inc. to be persuasive evidence of Wal-Mart's citizenship.[35] In *Par. Disposal Indus. v. BFI Waste Servs., LLC*, the court relied on the pair of (1) a declaration from one of the defendants stating that he was uninvolved in setting the amount of the fees that the plaintiff was challenging, and (2) a copy of an agreement between him and another defendant supporting the contention in his declaration.[36]

Here, the removing defendants' exhibits failed to rise to the level of "summary-judgment-type evidence" necessary to establish improper joinder.[37] They did not submit any sworn or authenticated documents that constitute summary-judgment-type evidence. They produced only a screenshot of a website, a printed email exchange, and a copy of a contract that is silent on the question of which entity issued Diamond its policy. Thus, the removing defendants' evidence is insufficient to establish that Diamond has no reasonable chance of recovering against CAH-L.

### 2. Defendants' Exhibits Do Not Set Forth Any Evidence that Cobbs, Allen and Hall of Louisiana Did Not Issue Diamond's Policy

Even if the removing defendants' exhibits were authenticated or sworn, they would still be insufficient to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[38] The exhibits do not establish that CAH-L did not issue Diamond the policy giving rise to this litigation. The removing defendants failed to produce any document identifying which of the Cobbs

---

[35] *Thomas*, 2012 WL 1019822 at *2.

[36] *Par. Disposal Indus.*, 2014 WL 2207870 at *3

[37] *See, e.g., In re 1994 Exxon Chemical Fire*, 558 F.3d, 385); *Thomas*, 2012 WL 1019822, at *2; *Howard*, 2009 WL 981688.

[38] *Smallwood*, 385 F.3d, 573-74. (emphasis added).

8

Allen entities issued the policy. Thus, they have not shown that Diamond has no reasonably possibility of recovering against CAH-L.

The removing defendants did not provide any documents stating that Mr. Burnie Tappel or Cobbs, Allen & Hall Inc. actually issued the policy giving rise to the suit. Rather, they simply fall back on Cobbs Allen's apparent CEO's unsupported and unauthenticated legal opinion that "Cobbs, Allen and Hall of Louisiana is not the appropriate entity."[39] Mr. Tappel's unauthenticated email similarly states that "the correct entity is First Insurance dba Cobbs Allen of New Orleans."[40] The removing defendants not only failed to authenticate these correspondences, but furthermore did not set forth any additional reasons that First Insurance is the correct entity or that CAH-L is not.

Thus, the removing defendants' evidence—even if properly authenticated—does not prove the assertion that CAH-L is not the entity that issued Diamond its policy, or that First Insurance of CAH-I is the entity that did.

Furthermore, if First Insurance is a defunct entity (as defendants allege, without offering any authenticated supporting evidence), CAH-I and CAH-L may both be successors-in-interest to First Insurance who are proper party defendants in this action.

Therefore, the removing defendants have failed to allege—let alone substantiate—any "discrete and undisputed facts" that establish that Diamond has no reasonable chance of recovering against CAH-L Accordingly, they have failed to meet their burden of proof to allege improper joinder.

---

[39] R. Doc. 5.
[40] R. Doc. 4.

### E. First Insurance Agency, Inc. dba Cobbs Allen of New Orleans Is Not Diverse from Diamond

The removing defendants allege that First Insurance is the entity that issued Diamond's policy. This allegation—even if properly substantiated—would still be insufficient to establish diversity jurisdiction. First Insurance is an inactive Louisiana corporation, and thus is a citizen of Louisiana for the purposes of determining diversity jurisdiction.

Diamond has filed a Motion for Leave to file its First Supplemental and Amended Complaint concomitantly with this Motion to Remand. In its First Supplemental and Amended Complaint, Diamond adds First Insurance and CAH-I as defendants. In doing so, Diamond names the entities that the removing defendants assert issued its policy as defendants in this action.

As stated above, the removing defendants have not satisfied their burden to indicate that CAH-L is the incorrect entity, or that First Insurance is the correct one. However, in the alternative, and out of an abundance of caution, Diamond's concomitantly-filed Motion for Leave to file Plaintiff's First Supplemental and Amending Complaint requests permission from this Court to add First Insurance and CAH-I as defendants.

The removing defendants themselves claim that First Insurance, acting under an agreement with CAH-I, is the entity that issued Diamond's policy. They attached an (unauthenticated) email as an Exhibit to their Notice of Removal that expressly states "the correct entity is First Insurance dba Cobbs Allen of New Orleans" and "First

Insurance is a Louisiana Co. and dba [sic] is registered with Louisiana Sec of State [sic]."[41]

The removing defendants are correct that First Insurance is a Louisiana company. Cobbs Allen of New Orleans is, as the removing defendants contend, a trade name for First Insurance.[42] First Insurance is an inactive Louisiana business corporation.[43] Needless to say, any Louisiana business corporation is not diverse from Diamond, which the removing defendants admit is a Louisiana citizen.[44]

First Insurance's citizenship is relevant to determining diversity jurisdiction despite the fact that it is an inactive corporation. First Insurance became inactive due to an administrative termination.[45] In Louisiana, terminating a corporation "does not . . . extinguish any claim against the corporation."[46] Revoking a corporation's articles of incorporation do not affect any pre-existing causes of action against the corporation.[47]

Here, First Insurance became inactive due to an administrative termination on December 27, 2019—several months after Diamond filed this lawsuit and several more months after Diamond's claim against First Insurance arose.[48] In fact, First Insurance was active up until less than a month before the removing defendants filed their Notice

---

[41] R. Doc. 4.

[42] Information Certificate, Cobbs Allen of New Orleans (attached as Exhibit 1).

[43] Information Certificate, First Insurance Agency, Inc. (attached as Exhibit 2).

[44] R. Doc. 1.

[45] Information Certificate, First Insurance Agency, Inc. (attached as Exhibit 2).

[46] La. R.S. 12:1-1443(C).

[47] *Green v. BP Am. Prod. Co.*, CV 18-0888, 2018 WL 5931148, at *4 (W.D. La. Oct. 26, 2018), report and recommendation adopted, CV 18-0888, 2018 WL 5931114 (W.D. La. Nov. 13, 2018) (citing *Beall v. Conoco Phillips Co.*, No. 08-0289, 2008 WL 2433579, at *3 (M.D. La. June 16, 2008)) (citing La. R.S. 12:163(G)) [subsequently repealed and effectively replaced by La. R.S. 12:1-1443(C)].

[48] Information Certificate, First Insurance Agency, Inc. (attached as Exhibit 2).

of Removal. Thus, Diamond's claims against First Insurance's survived First Insurance's administrative termination.

Because First Insurance is (as the removing defendants admitted) a Louisiana company, adding First Insurance as a defendant does not change the fact that the parties are not completely diverse. Therefore, this Court lacks subject matter jurisdiction to hear this case even if this Court permits Diamond to add First Insurance and CAH-I. as defendants. Accordingly, remand will still be proper even if this Court finds that First Insurance is a proper party to this action.

## Conclusion

The removing defendants have failed to meet their burden of proof to establish improper joinder to support their Notice of Removal. They have failed to properly allege subject matter jurisdiction because they have failed to establish that each defendant is diverse from Diamond in this case.

The removing defendants did not submit any affidavits, declarations, or other "summary-judgment-type evidence." They simply attached an unauthenticated screenshot of a website, unauthenticated copies of two email exchanges, and a copy of a joint marketing and license agreement. They did not produce any evidence that Cobbs Allen & Hall of New Orleans or First Insurance were the entities that issued Diamond the policy that gave rise to this lawsuit. They did not provide any evidence that Diamond has "no reasonable possibility of recovery" against Cobbs Allen & Hall of Louisiana.

Furthermore, if this Court grants Diamond's Motion for Leave to file its First Supplemental and Amended Complaint, this Court will lack subject matter jurisdiction

over this action because First Insurance is a Louisiana corporation—and thus not diverse from Diamond.

Accordingly, the removing defendants have not set forth any sworn and authenticated evidence that identifies any discrete and undisputed fact establishing that Diamond has no reasonable chance of recovering against CAH-L Thus, Diamond respectfully requests that this Court grant its Motion to Remand.

Respectfully submitted,

s/ Mark E. Hanna
ALAN G. BRACKETT (#14094)
MARK E. HANNA (#19336)
TREVOR M. CUTAIAR (#33082)
JOSEPH S. TRYTTEN (#38921)
MOULEDOUX, BLAND, LEGRAND &
    BRACKETT, LLC
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:    (504) 595-3000
Facsimile:    (504) 522-2121
Email:    abrackett@mblb.com
    mhanna@mblb.com
    tcutaiar@mblb.com
    jtrytten@mblb.com
*Attorneys for Diamond Services Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all parties.

s/ Mark E. Hanna

13