UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DIAMOND SERVICES CORPORATION**<br><br>versus<br><br>**COBBS, ALLEN & HALL OF LOUISIANA, INC.; DUAL CORPORATE RISKS, LTD; LLOYD'S SYNDICATE NVA 2007; LLOYD'S SYNDICATE SKD 1897; LLOYD'S SYNDICATE 4711 ASP; AND LLOYD'S SYNDICATE 1200 AMA** | Civil Action No.: 6:20-cv-00101<br><br>Judge: **Juneau**<br><br>Magistrate: **Whitehurst** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

**COME NOW**, through undersigned counsel, Defendants Dual Corporate Risks, Ltd.; Lloyd's Syndicate NVA 2007; Lloyd's Syndicate SKD 1897; Lloyd's Syndicate 4711 ASP; and Lloyd's Syndicate 1200 AMA (collectively referred to as "Defendants"), who file this *Memorandum in Opposition* to Plaintiff's *Motion to Remand*.

**FACTS**

Dual Aqua issued a marine protection and indemnity insurance policy, UMR "B0180MA1805141" ("Policy"), which insured Diamond's fleet of vessels from March 10, 2018 to March 10, 2019 ("Term").[1] Producer Burnett Tappel of Cobbs Allen brokered the Policy to Plaintiff.[2] Premium owed on the Policy was determined at the end of the Term by calculating the

---

[1] State Pet., attached as Exhibit A.

[2] Commercial Insurance Application, attached Exhibit B.

1

aggregate percent utilization rate.[3] At the end of the Term, Diamond had an aggregate utilization rate of 260%, amounting to $660,000 in owed premium.[4]

Diamond refused to pay, disputing the formula in the Policy, and filed the State Court Action on September 19, 2019 seeking a judicial declaration that the Policy is ambiguous.[5] Dual Aqua and Lloyd's Syndicates were served with the State Court Petition on December 20, 2019.[6] Cobbs, Allen & Hall of Louisiana, Inc. was served on October 15, 2019.[7] Dual Aqua and Lloyd's Syndicates sought removal of the State Court Action on the grounds of diversity jurisdiction, in addition to a finding that Cobbs, Allen & Hall of Louisiana, Inc. is an improperly joined defendant.[8] Diamond filed an amended Complaint naming First Insurance Agency, Inc. ("First Insurance") – a now inactive Louisiana Corporation – and Cobbs, Allen & Hall, Incorporated – an Alabama corporation – as additional defendants.[9] Diamond also filed a *Motion to Remand* on the grounds that complete diversity is now destroyed with the presence of non-diverse defendant First Insurance, such that this Court does not have jurisdiction over the suit.[10]

## LEGAL ANALYSIS

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. 12, Exhibit 2.

[7] *Id.*

[8] Rec. Doc. 1.

[9] Rec. Doc. 11.

[10] Rec. Doc. 12.

District courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, and there is complete diversity – all plaintiffs are diverse from all defendants.[11] The issues here are whether the nondiverse defendants – Cobbs, Allen & Hall of Louisiana, Inc. and First Insurance – are improperly joined. Cobbs, Allen & Hall of Louisiana, Inc. is improperly joined because the agent who issued the Policy was affiliated with an entirely legally distinct "Cobbs Allen" entity – Cobbs, Allen & Hall, Incorporated – which is domiciled in Alabama. The agent who issued the Policy was also affiliated with First Insurance – a Louisiana corporation – which is now inactive with no assets and nothing against which to recover due to its acquisition by Cobbs, Allen & Hall, Inc.[12] As such, Diamond has no reasonable basis of recovering against both Cobbs, Allen & Hall of Louisiana, Inc. and First Insurance, rendering both improperly joined and preserving this Court's subject matter diversity jurisdiction.

### A. Cobbs, Allen & Hall of Louisiana, Inc. is improperly joined because the agent who sold the policy was exclusively affiliated with a legally distinct "Cobbs Allen" entity that is a citizen of Alabama, and, thus, Diamond cannot establish a cause of action against Cobbs, Allen & Hall of Louisiana, Inc.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity.[13] There are two ways to demonstrate improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[14] When the latter form of improper joinder is involved, the removing party must demonstrate that there is "no reasonable basis for the district court to predict that the

---

[11] 28 U.S.C. § 1332.

[12] Asset Purchase Agreement, attached as Exhibit C.

[13] *McDonal v. Abbott Labs*, 408 F.3d 177, 183 (5th Cir. 2005).

[14] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

plaintiff might be able to recover against an in-state defendant."[15] The removing party's burden of proof is clear and convincing evidence.[16] If there is no reasonable basis for recovery, the court may conclude that a plaintiff's decision to implead the nondiverse defendant was improper.[17] Typically, in determining the propriety of an improper-joinder claim, a court looks to the face of the Plaintiff's pleadings and conducts an analysis using the framework of Federal Rule of Evidence 12(b)(6).[18] However, if a Plaintiff has omitted or misstated discreet facts in its complaint that would determine the viability of the removal action, the court may pierce the pleadings and conduct a summary inquiry using outside evidence.[19]

For example, the Fifth Circuit found improper joinder and reversed a district court's decision to remand in *Cuevas v. BAC Home Loans Servicing, LP*.[20] *Cuevas* was a similar situation involving two legally distinct defendants with easily confused names. Texas homeowners sued Countrywide Home Loans of Texas, Incorporated – a Texas citizen; Countrywide Home Loans, Incorporated – a citizen of New York and California; and BAC Home Loans Servicing, LP (formerly known as Countrywide Home Loans Servicing, LP) – a North Carolina citizen.[21] When the Texas homeowners received notices of default from a "Countrywide Home" entity, which

---

[15] *Id.*

[16] *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990).

[17] *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

[18] *Branden v. Paschen*, No. 19-2406, 2019 U.S. Dist. LEXIS 67749, at *4 (E.D. La. Apr. 22, 2019).

[19] *Smallwood*, 385 F.3d at 573.

[20] 648 F.3d 242, 250 (5th Cir. 2011).

[21] *Cuevas*, 648 F.3d at 245.

escalated into foreclosure, the Texas homeowners sued three "Countrywide Home" entities in Texas state court.[22] The collective "Countrywide Home" defendants filed for removal on the grounds that Countrywide Home Loans of Texas – the only in-state defendant – had no role in the foreclosure events.[23] Consequently, the Texas homeowners had no reasonable recovery against Countrywide Home Loans of Texas, rendering it improperly joined.[24] The Fifth Circuit overruled the district court's finding that Countrywide Home Loans of Texas was properly joined and followed the paper trial to determine which "Countrywide Home" entity originated and/or serviced the loans affecting the Texas homeowners.[25] he Fifth Circuit found that, despite having a similar name, Countrywide Home Loans of Texas was not involved in the loan servicing, and, thus, the Texas homeowners had no reasonable recovery against the in-state defendant.[26]

Here, the question is which "Cobbs Allen" entity is the proper defendant, a fact unclear from the face of Plaintiff's *Complaint*.[27] This is a discreet fact that can be determined with certainty. As such, it would seem that a summary inquiry is necessary. The key to answering this question is identifying the agent who sold the policy and then determining the "Cobbs Allen" entity with which that individual was associated at the time the Policy was sold.

Burnett "Burnie" Tappel, III issued the Policy, as noted in Defendants' *Notice of Removal*. Diamond deliberately muddies the water on this issue and states: "The removing defendants did

---

[22] *Id.* at 246.

[23] *Id.*

[24] *Id.*

[25] *See id.* at 250.

[26] *Id.*

not provide any documents stating that Mr. Burnie Tappel or Cobbs, Allen & Hall Inc. actually issued the policy giving rise to the suit."[28] Defendants and Diamond have had numerous conversations about litigation predicated on the fact that Burnie Tappel is the proper agent, and Defendants assumed that Tappel's involvement was undisputed. However, Defendants attach the Commercial Insurance Application, which proves that Burnett J. Tappel, III is the Cobbs Allen agent who issued the Policy.[29]

Since it is established that Burnett Tappel issued the Policy, determining which Cobbs Allen entity for whom he worked is the next link. At that time, Tappel was entered into a Joint Marketing and License Agreement ("Agreement") between First Insurance and Cobbs, Allen & Hall, Inc., incorporated in Alabama.[30] The Agreement licenses the "Cobbs Allen" name to First Insurance.[31] There is no other "Cobbs Allen" entity involved in the Agreement. Ultimately, the "Cobbs Allen" confusion is much like that in *Cuevas*, where multiple defendants of similar names were sued, but the paper trail only led back to some, and the Fifth Circuit found improper joiner. Here, Cobbs, Allen & Hall, Inc., incorporated in Alabama, is the only relevant "Cobbs Allen" entity, as demonstrated by the fact that the agent, Tappel, was licensing the "Cobbs Allen" name through Cobbs, Allen & Hall, Inc. per the Joint Marketing Agreement. If he were involved in another "Cobbs Allen" entity, he would not need to enter into an agreement with Cobbs, Allen & Hall, Inc., incorporated in Alabama, for licensure use of the "Cobbs Allen" name.

**B. First Insurance Agency was improperly joined because it is an inactive corporation, and Diamond has no reasonable basis of recovering against it.**

---

[28] Rec. Doc. 12, page 9.

[29] Commercial Insurance Application, page 1.

[30] Joint Marketing Agreement, page 1, July 18, 2016, attached as Exhibit D.

[31] *Id.*

Diamond has no reasonable basis of recovery against First Insurance Agency because it is an inactive corporation that was acquired by Cobbs, Allen & Hall, Inc on August 1, 2018.[32] Louisiana courts have found that impleading an inactive corporation is grounds for improper joinder and retaining diversity jurisdiction over a state claim.[33] A court should consider a joinder as improper when there is only a theoretical possibility of recovery, meaning a party "will never make an appearance, will never participate, and will never be available for recovery."[34] In *Weinsten v. Conoco Phillips*, this Court found that a plaintiff had no reasonable possibility of recovering against an inactive corporation without assets, which amounted to an improper joinder and reason to deny the plaintiff's motion to remand.[35] In other words, the Court found that there was simply no one to sue.[36]

Here, First Insurance is inactive.[37] When it was in existence, Burnett Tappel was the sole shareholder and president.[38] He then sold the company to Cobbs, Allen & Hall, Inc., incorporated in Alabama, and became an employee of Cobbs, Allen & Hall, Inc.[39] As such, First Insurance no longer has any assets or property, and any recovery against it would be theoretical. There is simply

---

[32] Asset Purchase Agreement, page 6.

[33] *See Weinstein v. Conoco Phillips*, No. 13-919, 2014, U.S. Dist. LEXIS 29175 (W.D. La. Mar. 5, 2014); *Ashley v. Devon Energy Corp.*, No. 14-512-SDD-RLB, 2015 U.S. Dist. LEXIS 23319, at *11-12 (M.D. La. Jan. 30, 2015).

[34] *Ashley,* No. 14-512-SDD-RLB, 2015 U.S. Dist. LEXIS 23319, at *11-12.

[35] No. 13-919, 2014, U.S. Dist. LEXIS 29175, at *6 (W.D. La. Mar. 5, 2014).

[36] *Id.*

[37] Rec. Doc. 12, Exhibit 2.

[38] Joint Marketing Agreement.

[39] Asset Purchase Agreement.

no one to sue. Further, if Diamond did see a viable recovery against First Insurance, it would not have waiting until the removal action to name First Insurance as a defendant.

## CONCLUSION

For the reasons outlined above, Defendants respectfully request that this Honorable Court deny Diamond's *Motion for Remand*.

Respectfully submitted,

**SCHOUEST, BAMDAS,
SOSHEA & BENMAIER, P.L.L.C**


*/s/ Morgan E. Kelley*
Michael L. McAlpine (#9195)
Richard A. Cozad (#4537)
Jeff D. Peuler (#30017)
Morgan E. Kelley (#38299)
365 Canal Street, Suite 2730
New Orleans, LA  70130
T: 504-561-0323
F:  504-528-9442
mmcalpine@sbsblaw.com
rcozad@sbsblaw.com
jpeuler @sbsblaw.com
mkelley@sbsblaw.com

*Attorneys for Dual Aqua and Lloyd's Syndicates*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Clerk of Court on March 12, 2020 and is available for viewing and downloading from the CM/ECF system. Notice of electronic case filing has been sent out automatically to all counsel on the email service list. Any counsel not on the email service list received a copy via United States mail.

*/s/ Morgan E. Kelley*
MORGAN E. KELLEY