UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DIAMOND SERVICES CORPORATION**

| | |
|---|---|
| **VERSUS** | **CIVIL ACTION NO. 6:20-cv-00101** |
| **COBBS ALLEN & HALL OF LOUISIANA, INC.; DUAL CORPORATE RISKS, LTD.; LLOYD'S SYNDICATE NVA 2007; LLOYD'S SYNDICATE SKD 1897; LLOYD'S SYNDICATE 4711 ASP; AND LLOYD'S SYNDICATE 1200 AMA** | **JUDGE – MICHAEL J. JUNEAU**<br><br>**MAGISTRATE CAROL B. WHITEHURST** |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

MAY IT PLEASE THE COURT:

Plaintiff, Diamond Services Corporation ("Diamond"), through undersigned counsel, moved this Court to remand this case to the 16th Louisiana Judicial District Court for the Parish of St. Mary on February 20, 2020. Dual Corporate Risks, Ltd. and the various Lloyds syndicates ("Defendants") filed their Memorandum in Opposition on March 12, 2020.

Diamond now files this Reply Memorandum in Support of Motion to Remand to address two key arguments that Defendants raise in their Memorandum in Opposition:

1. Defendants' production of a document purporting to be an insurance application does not constitute "summary judgment-type evidence" to meet their burden "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against Cobbs, Allen & Hall of

1

        Louisiana, Inc. ("CAH-L").[1]

2. Defendants' production of a document purporting to be an "Asset Purchase Agreement" or an "Agreement and Plan of Liquidation" also does not constitute "summary judgment-type evidence" to meet their burden "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against First Insurance Agency, Inc. ("First Insurance").[2]

### A. Defendants Bear the Burden of Proof to Establish Improper Joinder Through the Use of Summary Judgment-Type Evidence

A plaintiff need not provide any additional evidence outside the Complaint to support its claim against the in-state defendant—so long as the defendants who removed the case fail to meet their burden of proof.[3] The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[4]

Defendants who claim improper joinder bear a heavy burden of proof; to prove their allegation of improper joinder, removing parties must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action in state court.[5] It is a "defendant's burden to show otherwise when it removed the case, not to remove first

---

[1] *Par. Disposal Indus., LLC v. BFI Waste Servs., LLC*, 2:13-CV-03068, 2014 WL 2207870, at *3 (W.D. La. May 27, 2014)

[2] *Id.*

[3] *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 651, n.3 (5th Cir. 2003)).

[4] *Davidson*, 819 F.3d, 766.

[5] *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994) and *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

and ask questions later."[6] The removing defendant must demonstrate "that there is no possibility of recovery by the plaintiff against the in-state defendant."[7]

To support a claim of improper joinder, a removing defendant may only submit "summary-judgment-type evidence," such as affidavits and deposition testimony.[8] The Fifth Circuit has held that "unsworn documents that are not properly authenticated are incompetent summary judgment evidence" for the purpose of considering removal.[9] Courts rely on affidavits by knowledgeable parties coupled with additional supporting evidence to establish the parties' citizenship.

Here, the removing defendants have failed to provide any authenticated summary judgment-type evidence to support their claims of improper joinder as to CAH-L or as to First Insurance.

**B.    Defendants Failed to Meet Their Burden to Show that Diamond Cannot Recover Against CAH-L**

Defendants have failed to produce any "summary judgment-type evidence" indicating that CAH-L did not issue Diamond's policy. In their Memorandum in Opposition, they again rejected an opportunity to produce authenticated evidence that supports their claims that First Insurance issued Diamond's policy or that CAH-L did not.

Rather, Defendants rely on *Cuevas v. BAC Home Loans Servicing, LP.*[10] C*uevas* undermines Defendants' own argument. They compare the flurry of similarly-

---

[6] *Beall v. Conoco Phillips Co.*, 2008 WL 2433579, at *3 n. 6 (M.D. La. June 16, 2008).

[7] *Par. Disposal Indus., LLC*, 2014 WL 2207870, *3, citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).

[8] *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (internal quotations omitted).

[9] *Templet v. HydroChem, Inc.,* 367 F.3d 473, 481 n. 5 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(e)).

[10] 648 F.3d 242 (5th Cir. 2011).

named defendants in *Cuevas* to the situation at bar in this case. In *Cuevas*, the Texas-domiciled plaintiffs sued several "Countrywide Homes" entities in state court in connection with a foreclosure proceeding.[11] One of the "Countrywide Homes" entities was a Texas citizen; the others hailed from North Carolina, New York, and California.[12] The defendants successfully removed the case to federal court in Texas after providing sufficient evidence that the Texas entity was uninvolved in the foreclosure and thus improperly joined.[13]

However, Defendants failed to mention that in *Cuevas*, the removing defendants' sufficient evidence was entirely authenticated by affidavit.[14] The Countrywide defendants offered summary judgment-type evidence to support their claim of improper joinder. They submitted a sworn affidavit from the Vice President and Assistant Corporate Secretary of Bank of America, N.A., who attested under oath, based on her personal knowledge and review of the relevant business records, that the Texas Countrywide defendant was uninvolved in the plaintiffs' foreclosure proceeding.[15]

Here, Defendants have not provided any affidavits or other sworn testimony from anyone with personal knowledge of the facts in this case to support their claim that CAH-L did not issue Diamond's policy. Defendants submitted a copy of a commercial insurance application[16]—but did not proffer any affidavits certifying its accuracy. "Summary-Judgment-type-evidence" that courts consider when establishing improper

---

[11] *Cuevas,* 648 F.3, 245-46.

[12] *Cuevas,* 648 F.3d, 245.

[13] *Cuevas,* 648 F.3d, 250-51.

[14] *Cuevas,* 648 F.3d, 250.

[15] Id.

[16] R. Doc. 15-4.

joinder includes affidavits and deposition testimony, not unauthenticated statements or documents.[17] Thus, without any certifying affidavits, the application is inadmissible.

Defendants have not offered any authenticated and credible evidence that clarifies the question of which Cobbs Allen entity issued Diamond's insurance policy. Because they have not established which entity issued the policy, they have not proven that CAH-L did not issue the policy. Thus, Defendants failed to establish that Diamond has no possibility of recovery against CAH-L.

C. **Defendants Failed to Meet Their Burden to Show that Diamond Cannot Recover Against First Insurance**

Defendants have failed to prove that Diamond has no possibility of recovery against First Insurance. First, they failed to submit any summary judgment-type evidence to support their claim that First Insurance was purchased by Cobbs, Allen & Hall, Inc., an Alabama corporation (CAH-A). Second, even if they had, Diamond does not automatically lose its right of recovery against First Insurance simply because it is an "inactive" corporation.

First, Defendants provided a copy of a document that they claim is an "Asset Purchase Agreement" or an "Agreement and Plan of Liquidation" between First Insurance and CAH-A.[18] However, the document is not self-authenticating; it was not executed before a notary and two witnesses.[19] Nor have Defendants attempted to authenticate this document or submit any affidavits certifying its accuracy. For the

---

[17] *See Ford,* 32 F.3d at 935; *see also Cavallini*, 44 F.3d, 263; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[18] Plaintiff's Memorandum in Opposition, R. Doc. 15-1.

[19] La. Civ. Code art. 1833.

reasons discussed in the preceding sections of this Reply Memorandum, an unauthenticated document is inadmissible for the purpose of determining improper joinder. Thus, this Court should not consider it when determining whether First Insurance was improperly joined. Because Defendants did not submit any authenticated evidence that First Insurance sold its assets to CAH-A, Defendants have not shown that Diamond has no possibility of recovery against First Insurance.

Second, Diamond does not automatically lose its rights against First Insurance simply because First Insurance is an "inactive" corporation. First Insurance became inactive due to an administrative termination on December 27, 2019—several months after Diamond filed this lawsuit and several more months after Diamond's claim against First Insurance arose.[20]

In Louisiana, terminating a corporation "does not . . . extinguish any claim against the corporation."[21] Revoking a corporation's articles of incorporation does not affect any pre-existing causes of action against the corporation.[22]

Courts look beyond a corporation's mere active-inactive status to determine whether a plaintiff has a possibility of recovery against the corporation. In *Weinstein v. Conoco Phillips*, for example—a case on which Defendants rely in their Memorandum in Opposition—this Court looked to the actual business operations of the inactive corporation to determine whether any recovery against it was more than theoretical.[23]

---

[20] R. Doc. 12-4, Information Certificate, First Insurance Agency, Inc.

[21] La. R.S. 12:1-1443(C).

[22] *Green v. BP Am. Prod. Co.*, CV 18-0888, 2018 WL 5931148, at *4 (W.D. La. Oct. 26, 2018), report and recommendation adopted, CV 18-0888, 2018 WL 5931114 (W.D. La. Nov. 13, 2018) (*citing Beall v. Conoco Phillips Co.*, No. 08-0289, 2008 WL 2433579, at *3 (M.D. La. June 16, 2008)) (*citing* La. R.S. 12:163(G)) [subsequently repealed and effectively replaced by La. R.S. 12:1-1443(C)].

[23] CIV.A. 13-919, 2014 WL 868918 (W.D. La. Mar. 5, 2014).

The Court considered factors such as whether the corporation owned any property or assets, or whether it maintained any offices or employees.[24] It also gave great weight to the fact that the corporation had ceased operations and shut down 25 years prior, and that the Secretary of State had revoked its charter more than 15 years prior.[25]

In *Ashley v. Devon Energy Corp*—another case on which Defendants rely—the removing defendants met their burden to show that their corporation truly no longer existed via a sworn affidavit—a proper form of summary judgment type evidence.[26] The affidavit—executed by the deceased business owner's son—attested that the corporation had filed for bankruptcy thirty years prior, and that the corporation was dissolved seven years after its bankruptcy.[27] The court found this affidavit convincing and held that joining this corporation was improper.[28]

Here—unlike in *Ashley*—Defendants have not provided any affidavits or other summary judgment type evidence that support their claim that any recovery against First Insurance would be theoretical. There is no evidence in the record regarding the status of First Insurance's business. Other than an unauthenticated asset purchase agreement, Defendants failed to provide any evidence that First Insurance has ceased operation or wound down its business. In fact, First Insurance was active up until less than a month before the removing defendants filed their Notice of Removal.[29] Its

---

[24] *Weinstein*, 2014 WL 868918 at *1.

[25] *Id.*

[26] CIV.A. 14-512-SDD, 2015 WL 803136, at *1 (M.D. La. Feb. 25, 2015).

[27] *Id.* at *1-2.

[28] *Id.* at *4.

[29] R. Doc. 12-4, Information Certificate, First Insurance Agency, Inc.

approximate three months of inactivity are a far cry from the fifteen years that had passed in *Weinstein*[30], or the 23 years that had passed in *Ashley*.[31]

Moreover, Diamond is not even seeking to recover any damages or assets from First Insurance. Rather, it seeks a declaration that it is not obligated to pay First Insurance (or any defendant) the insurance premiums that they claim it owes. Specifically, Diamond seeks declaratory judgment as to all defendants: (a) that the insurance policy that Defendants issued to Diamond is ambiguous; (b) that the clause "aggregate % utilisation of all vessels" means a simple ratio of the percentage of time that each vessel spent on the water, relative to the amount of time that they could have possibly spent on the water; (c) that Diamond does not owe $660,000 in additional premiums to Defendants; and (d) for all further necessary and proper relief to which Diamond may be justly entitled to receive.[32]

None of these four claims necessitate the recovery of any assets from First Insurance. Rather, Diamond asks this Court to adjudicate the contractual obligations between it and the several defendants—including First Insurance. Thus, whether or not First Insurance presently owns any assets should have no bearing on whether Diamond has a possibility of recovery against First Insurance in this Declaratory Action.

Ultimately, in determining improper joinder, courts weigh summary judgment-type evidence to "identify the presence of discrete and undisputed facts that would preclude

---

[30] *See* 2014 WL 868918, *1.

[31] 2015 WL 803136, at *1-2.

[32] R. Doc. 11-4, Diamond's First Supplemental and Amended Complaint.

8

plaintiff's recovery against the in-state defendant."[33] A summary inquiry should not explore any deeper than the cursory issues that "easily can be disproved if not true."[34]

Here, Defendants have not identified any discrete and undisputed facts that support their claim that First Insurance "no longer has any assets or property." Moreover, the question of whether First Insurance owns any assets or property should be immaterial in the context of a declaratory action in which the Plaintiff seeks no damages. Thus, Defendants have not established that "any recovery against [First Insurance] would be theoretical."[35] Without this evidence, they cannot meet their burden of proof that Diamond has no possibility of recovery against First Insurance.

Thus, Defendants have not met their burden of proof that First Insurance is a defunct corporation against which Diamond has no possibility of recovery.

## **Conclusion**

Defendants have failed to submit the summary judgment-type evidence necessary to meet their burden to establish that Diamond has no possibility of recovery against CAH-L or First Insurance. First, they provided only an unauthenticated copy of an insurance application as evidence that First Insurance issued Diamond's policy. Second, they failed to substantiate their claim that First Insurance is a non-existent entity against which Diamond has no possibility of recovery. Accordingly, Diamond respectfully request that this Court remand this matter to State Court.

[Signature and Certificate of Service on Next Page]

---

[33] *Smallwood*, 385 F.3d, 573-74.

[34] *Id.* at n. 12.

[35] Plaintiff's Memorandum in Opposition, R. Doc. 15-1.

        Respectfully submitted,

        s/ Mark E. Hanna
        ALAN G. BRACKETT (#14094)
        MARK E. HANNA (#19336)
        TREVOR M. CUTAIAR (#33082)
        JOSEPH S. TRYTTEN (#38921)
        MOULEDOUX, BLAND, LEGRAND & BRACKETT, LLC
        701 Poydras Street, Suite 4250
        New Orleans, Louisiana 70139
        Telephone: (504) 595-3000
        Facsimile: (504) 522-2121
        Email: abrackett@mblb.com
               mhanna@mblb.com
               tcutaiar@mblb.com
               jtrytten@mblb.com
        *Attorneys for Diamond Services Corporation*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on March 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all parties.

s/ Mark E. Hanna