UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DIAMOND SERVICES CORPORATION** | Civil Action No.: 6:20-cv-00101 |
| versus | |
| | Judge: **Michael J. Juneau** |
| **COBBS, ALLEN & HALL OF LOUISIANA, INC.; DUAL CORPORATE RISKS, LTD; LLOYD'S SYNDICATE NVA 2007; LLOYD'S SYNDICATE SKD 1897; LLOYD'S SYNDICATE 4711 ASP; AND LLOYD'S SYNDICATE 1200 AMA** | Mag. Judge: **Carol B. Whitehurst** |

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Dual Corporate Risks, Ltd.; Lloyd's Syndicate NVA 2007; Lloyd's Syndicate SKD 1897; Lloyd's Syndicate 4711 ASP; and Lloyd's Syndicate 1200 AMA (collectively referred to as "Defendants"), who file these *Objections to Report and Recommendation*.

**I.     Relevant Background**

The issue here is whether Defendants' use of an application of insurance, a marketing and license agreement, and a purchase agreement are competent summary judgment evidence, such that the Court can consider them in determining the existence of diversity jurisdiction. To briefly recap, Defendants filed a *Notice of Removal* on the grounds of diversity jurisdiction. Defendants argued that the one party which would destroy diversity – Cobbs, Allen & Hall of Louisiana, Inc. – was improperly joined because it had no role in issuing the involved insurance policy. Diamond Services Corporation ("Plaintiff" or "Diamond") filed an *Amended Complaint* and impleaded a

second Louisiana company – First Insurance Agency, Inc. ("First Insurance"). Then, Plaintiff filed a *Motion to Remand* on the grounds that two Louisiana companies were now enjoined and destroyed diversity.

In an *Opposition*, Defendants argued that First Insurance was improperly joined because it was an inactive company, against which Plaintiff could not meaningfully recover. As proof, Defendants provided a Commercial Application of Insurance (Exhibit B); a Purchase and Sale Agreement, Assignment and Assumption of Lease, Agreement and Plan of Liquidation, and Employment Agreement (combined as Exhibit C); and a Joint Marketing and License Agreement (Exhibit D). These documents showed that First Insurance was purchased and liquidated by Cobbs, Allen & Hall, Inc., and, as such, Plaintiff had no reasonable expectation of recovery against First Insurance. The documents were also evidence that Cobbs, Allen & Hall of Louisiana, Inc. was an improper and unrelated "Cobbs Allen" entity.

The Court granted Plaintiff's *Motion to Remand* on procedural grounds involving the admissibility of Defendants' evidence. It noted that "[t]he only evidence that has been submitted by defendants are contracts and agreements, none of which have been authenticated or otherwise shown to be competent summary judgment type evidence."[1] The Court stated that "[n]o accompanying affidavits or deposition testimony has been presented, and there is no way for the undersigned to confirm that the contracts presented are what they purport to be."[2] Finally, it

---

[1] Rec. Doc. 22, at p. 14.

[2] *Id.*

observed that "authenticating evidence from any employee of the Cobbs Allen entities could have clarified this matter for the Court."[3]

**II.     Law and Analysis**

As a preliminary matter, any party may serve and file written objections to such proposed findings and recommendations, pursuant to 28 U.S.C. 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."[4]

Regarding the Court's interpretation and application of the law, Defendants respectfully object. Defendants were required to provide competent summary judgment evidence in support of their *Opposition* and maintain that they have satisfied that obligation. Rule 56 of the Federal Rules of Civil Procedure provides the framework for summary judgment procedure. Section (C)(1)(A) states the following:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts or materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials . . .

Section (c)(2) of the Rule dictates that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

---

[3] *Id.*

[4] 28 U.S.C. 636(b)(1)(C).

Prior to 2010, the Fifth Circuit held that unauthenticated evidence was improper summary judgment evidence.[5] This argument formed the crux of Plaintiff's *Reply Memo* to Defendants' *Opposition*.[6] In 2010, however, Congress amended Federal Rule of Evidence 56 to create a new standard for the admissibility of summary judgment evidence.[7] The new inquiry became whether the evidence could be admitted at trial.[8] The commentary to the 2010 amendment of Rule 56 explains the new nuance:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence*. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated . . . .[9]

The Fifth Circuit Court of Appeals acknowledged the 2010 Amendment to Rule 56 and confirmed the proper application in *Lee v. Offshore Logistical & Transportation*.[10] There, the Fifth Circuit

---

[5] *Valentine v. Hodnett*, 2015 U.S. LEXIS 188205, at *9 (S.D. Tex. Sept. 15, 2015).

[6] *See* Rec. Doc. 21 ("First, Defendants provided a copy of a document that they claim is an 'Asset Purchase Agreement' or an 'Agreement and Plan of Liquidation' between First Insurance and [Cobbs, Allen & Hall, Inc.]. However, the document is not self-authenticating; it was not executed before a notary and two witnesses. Nor have Defendants attempted to authenticate this document or submit any affidavits certifying its accuracy. For the reasons discussed in the preceding sections of this Reply Memorandum, an unauthenticated document is inadmissible for the purpose of determining improper joinder. Thus, this Court should not consider it when determining whether First Insurance was improperly joined." (citations omitted)).

[7] *See* Fed. R. Civ. P. 56(c), 2010 Amend.; *Valentine v. Hodnett*, 2015 U.S. LEXIS 188205, at *9 (S.D. Tex. Sept. 15, 2015).

[8] Fed. R. Civ. P. 56(c)

[9] Fed. R. Civ. P. 56, advisory committee note 2010 (emphasis added).

[10] *See* 859 F.3d 353, 354-55 (5th Cir. 2017).

4

noted that, under the new amendments, affidavits are only one way to "support" a fact.[11] The overarching inquiry, however, was "whether the particular material to which objection is lodged can or cannot 'be presented in a form that would be admissible at trial.'"[12] Here, the Court briefly touched on this principle in its *Report and Recommendations*.[13] However, it does not appear that the Court applied it to the facts.

The concept iterated in the 2010 amendment to Rule 56 was applied correctly in *Valentine v. Hodnett*.[14] In that case, the United States District for the Southern District of Texas held that an accident report was proper summary judgment evidence, even without an affidavit to authenticate it, because it could be admitted at trial under various hearsay exceptions.[15] Accordingly, the court denied a party's motion to strike the accident report used in support of a summary judgment.[16] The court noted that the party objecting to the summary judgment evidence was using the pre-2010 version of Rule 56.[17] Under the new version of Rule 56, the accident report would have been admissible at trial and, thus, was proper summary judgment evidence.[18]

---

[11] *Id.* at 355.

[12] *Id.* at 355-56.

[13] The Court cited the following law: "While the form of summary judgment evidence need not be admissible, the content of the evidence must meet evidentiary requirements. *Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997). Rec. Doc. 22, p. 6-7.

[14] *See* Civil Action No. 5:14-cv-72, 2015 U.S. LEXIS 188205, at *9 (S.D. Tex. Sept. 15, 2015).

[15] *Id.* at *11-12.

[16] *Id.* at *12.

[17] *See id.* at *9-10.

[18] *Id.* at *11.

Our case is similar to *Valentine*. Here, the exhibits under scrutiny would be admissible at trial. Defendants attached a Commercial Application of Insurance; a Purchase and Sale Agreement and other various purchase documents involving property liquidation; and a Joint Marketing and License Agreement. All of these documents were ordinary, form documents kept in the course of regularly conducted business. Thus, they would be admissible at trial under hearsay exception under Federal Rule of Evidence 803(6).[19] Even with the applicable hearsay exception, the documents under scrutiny would be presented at trial with the testimony of an individual who can authenticate them.

Undersigned counsel have filed many motions for summary judgment over the years and never encountered objections to the authenticity of supporting evidence involving pre-litigation, form business contracts or agreements. Out of an abundance of caution, however, Defendants obtained an affidavit from Grantland Rice, IV, the Chief Operating Officer of Cobbs, Allen & Hall, Inc. authenticating the documents and confirming their subject matter.[20] As such, Defendants respectfully request that this Court reconsider the finding of incompetent summary judgment evidence in its *Report and Recommendation* and find that removal is proper. In the alternative,

---

[19] ("The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . . (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certifications; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.")

[20] Grantland Rice, IV Affidavit, attached here as Exhibit A.

Defendants request that this Court find that Defendants used proper summary judgment evidence in support of their *Opposition*.

Respectfully submitted,

**SCHOUEST, BAMDAS,
SOSHEA & BENMAIER, P.L.L.C**

*/s/ Morgan E. Kelley*
Michael L. McAlpine (#9195)
Richard A. Cozad (#4537)
Jeff D. Peuler (#30017)
Morgan E. Kelley (#38299)
365 Canal Street, Suite 2730
New Orleans, LA 70130
T: 504-561-0323
F: 504-528-9442
mmcalpine@sbsblaw.com
rcozad@sbsblaw.com
jpeuler @sbsblaw.com
mkelley@sbsblaw.com

***Attorneys for Defendants,
Dual Corporate Risks, Ltd.
and Lloyd's Syndicates***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Clerk of Court on July 27, 2020 and is available for viewing and downloading from the CM/ECF system. Notice of electronic case filing has been sent out automatically to all counsel on the email service list. Any counsel not on the email service list received a copy via United States mail.

*/s/ Morgan E. Kelley*
MORGAN E. KELLEY
