## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**DIAMOND SERVICES CORPORATION**

**VERSUS**  CIVIL ACTION NO. 6:20-cv-00101

**COBBS ALLEN & HALL OF LOUISIANA, INC.; DUAL CORPORATE RISKS, LTD.; LLOYD'S SYNDICATE NVA 2007; LLOYD'S SYNDICATE SKD 1897; LLOYD'S SYNDICATE 4711 ASP; AND LLOYD'S SYNDICATE 1200 AMA**

JUDGE – MICHAEL J. JUNEAU

MAGISTRATE CAROL B. WHITEHURST

### RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Diamond Services Corporation ("Diamond"), who responds to Defendants' Objections to Magistrate Judge Whitehurst's Report and Recommendation.

First, Defendants cannot now submit these arguments and their authenticating affidavit *after* Magistrate Judge Whitehurst ruled against them and hope that it cures their defective removal.

Second, Defendants failed to meet their own proposed evidentiary burden to provide at least some barebones proof that their evidence is capable of being admissible at trial.

Finally, Diamond has argued before, and will now argue again, that Defendants' evidence (even if properly authenticated) does not actually show that Diamond has no meaningful chance of recovery against any Louisiana defendant.

Accordingly, Diamond respectfully requests that this Court overrule Defendants' Objection and adopt Magistrate Judge Whitehurst's Report and Recommendation, granting Diamond's Motion to Remand.

1

### I. Defendants Have Had Multiple Opportunities to Raise the Arguments in their Objection Before Now.

Defendants cannot reasonably expect this Court to consider their arguments and the affidavit of Mr. Grantland Rice IV that they submitted in their Objection to Magistrate Judge Whitehurst's Report and Recommendation. Diamond has made clear since it initially filed its Motion to Remand that it objected to Defendants' failure to authenticate their evidence. (See R. Doc. 12-0 through 12-4). Defendants have had multiple opportunities to cure this defect or to argue that their evidence was properly authenticated. They did not do so before, so there is no reason they should be permitted to do so now.

The question of whether to admit any new arguments or evidence submitted *after* the Magistrate Judge issues a Report and Recommendation lies in the discretion of the District Court. *See Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015).

The Magistrate Judge Act permits the District Court to review *de novo* any Objections to the Report and Recommendation. 28 U.S.C.A. § 636(b). But this does not mean that a party can re-litigate issues before the District Court on which it was unsuccessful before the Magistrate Judge. *Cupit v. Whitley,* 28 F.3d 532, 535 n.5 (5th Cir.1994). Only "compelling reasons" permit a party to submit "new evidence, argument, and issues that were not presented to the Magistrate Judge." *Id*.

The law is clear that litigants have a duty to raise all their arguments and evidence during the initial briefing on the issues—not after the Magistrate Judge issues her Report and Recommendation. "A party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly." *Smith v. Palafox*, 728 Fed.Appx. 270, 276 (5th Cir. 2018) (*quoting Cupit*, 28 F.3d, 535 n.5). The

Fifth Circuit has made it clear that a "party's entitlement to *de novo* review before the District Court . . . does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]" *Smith*, 728 Fed. Appx., 276 (*quoting Cupit v. Whitley*, 28 F.3d, 535 n.5 (internal quotation marks omitted)).

Here, Mr. Grantland Rice IV's affidavit should be disregarded as evidence. Defendants have purposely bypassed multiple opportunities to authenticate the documents that they produced with their Notice of Removal and their Opposition to Motion to Remand. They cannot now produce an affidavit and reasonably expect it to be considered as a timely evidentiary submission.

Similarly, Defendants have not set forth any "compelling reason" that they should be permitted to submit new evidence and new arguments on the same issues that the parties have been briefing for over six months. *See Cupit*, 28 F.3d, 535 n.5. In fact, in their Objection, they did not provide any reason (compelling or otherwise) that their new evidence and arguments should be admitted at all.

Diamond made clear in its Motion to Remand and Reply Memorandum in Support thereof that it strongly objected to Defendants' failure to authenticate their submitted evidence. Diamond stated in its Motion to Remand that:

> "The removing defendants' exhibits were entirely unauthenticated and thus did not constitute 'summary judgment type evidence.'"
> . . .
>
> "[The exhibits] failed to rise to the level of 'summary judgment-type evidence' necessary to establish improper joinder. They did not submit any sworn or authenticated documents that constitute summary-judgment-type evidence."[1]

---

[1] Diamond's Memorandum in Support of Motion to Remand, R. Doc. 12-2, pp. 6, 11.

Defendants have been on notice since this past February that Diamond would make an issue out of their evidence's authenticity. They had ample opportunity in their Opposition to Motion to Remand to argue that the documents were sufficiently authenticated under Rule 56's evidentiary standard, or to submit an authenticating affidavit by Mr. Rice. But they did not discuss the issue at all; in fact, the word "authenticate" does not appear anywhere in their Memorandum in Opposition.[2] If Defendants believed that a different evidentiary standard applied, they should have said so then. If they believed they could cure their defective evidence with an affidavit of Mr. Rice, they should have done so then.

Defendants' failure to "adequately present" their arguments to the Magistrate Judge does not entitle them to a second chance to re-litigate this issue. *See Smith*, 728 Fed. Appx., 276. They knew Diamond's argument and had a chance to rebut it. If they did not "put [their] best foot forward before the Magistrate Judge," it would contradict the longstanding jurisprudence of this Circuit to permit them to try again before this District Court. *See Cupit*, 28 F.3d, 535 n.5.

Nonetheless, even if this District Court elects to consider Defendants' arguments and evidence, Defendants have still failed to show that Diamond cannot recover against any Louisiana defendants—for the reasons set forth below.

II. **Defendants' Evidence Fails to Meet Their Own Proposed Evidentiary Burden.**

Defendants' paint the 2010 changes to Fed. R. Civ. Proc. 56 with too broad a brush. A review of the post-2010 evidentiary standard indicates that a party must show that its evidence is capable of being admissible at trial. *See, e.g.*, *Quibodeaux v. Nautilus*

---

[2] Defendants' Memorandum in Opposition of Motion to Remand, R. Doc. 15-1.

4

*Ins. Co.*, 655 Fed. Appx. 984, 987 (5th Cir. 2016) (holding that an unsigned handwritten account of loss was inadmissible on summary judgment); *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("On a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

Moreover, Defendants bear the "heavy burden of proof" on removal to prove that there is no possibility that a plaintiff can establish a cause of action against the in-state defendant. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir.1994). A plaintiff need not provide any additional evidence outside the Complaint to support its claim against the in-state defendant—so long as the defendants who removed the case fail to meet their burden of proof. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016).

Here, Defendants have not set forth the method by which their evidence would be admissible at trial. They argue that all of their documents would be admissible under the "business records" exception to the rule against hearsay.[3] This is not true, and they do not set out any alternative path to admissibility.

To constitute an admissible business record, a record must (among other requirements), "[be] made at or near the time by . . . someone with knowledge; [be] kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, . . .; [and] making the record was a regular practice of that activity . . ." Fed. R. Evid. 803(6).

Defendants submitted four documents with their Notice of Removal and Memorandum in Opposition of Motion to Remand that purportedly prove that Diamond has no likelihood of recovery against any Louisiana defendant. They are as follows:

---

[3] Defendants' Objection to Report and Recommendation, R. Doc. 23-0, p. 6.

1. An email exchange between Defense Counsel and Mr. Rice;[4]
2. A "Joint Marketing and License Agreement" between Cobbs, Allen, & Hall, Inc. and First Insurance, Inc.;[5]
3. A Purchase and Sale Agreement between Cobbs, Allen, & Hall, Inc. and Burnett J. Tappell III,[6] by which Defendants claim Cobbs, Allen, & Hall, Inc. acquired First Insurance Agency, Inc.;[7] and
4. A Commercial Insurance Application directed towards Cobbs Allen of New Orleans from Diamond.[8]

These documents (with the likely exception of the insurance application) are not admissible hearsay under the Fed. R. Evid. 803(6).

First, the printout of an email exchange is not a business record. For an email to be considered a business record, it must have been created contemporaneously with the sender's acquisition of the information contained within the email. *See, e.g.*, *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010*, MDL 2179, 2012 WL 85447, at *5 (E.D. La. Jan. 11, 2012) (*citing U.S. v. Robinson,* 700 F.2d 205, 209–10 (5th Cir.1983), cert. denied, 465 U.S. 1008 (1984)). There must be a showing that the sender's employee had a duty to maintain the email as a record, and that the email was not sent "casually" or as an "isolated incident." *In re Oil spill*, 2012 WL 85447, at *5. Here, Mr. Tappel purportedly sent this email in January 2020 in direct response to this lawsuit—long after the subject insurance policy was issued in 2018.[9] Moreover, Defendants have not alleged that sending or maintaining this type of email falls within Mr.

---

[4] R. Doc. 1-5.

[5] R. Doc. 1-6; submitted again as R. Doc 15-6.

[6] R. Doc. 15-5

[7] Defendants' Objection to Report and Recommendation, R. Doc. 23-0, p. 7.

[8] R. Doc. 15-4.

[9] R. Doc. 1-5, *cf.* R. Doc. 15-4.

6

Tappel's job duties—rather, sending this email was a response to the isolated incident of Defense Counsel's need to prove diversity jurisdiction for its Notice of Removal. Thus, Mr. Tappel plainly did not send the email contemporaneously with acquiring the knowledge therein, and Defendants have not shown that Mr. Tappel sent the email in accordance with a duty to maintain a specific record. Therefore, it is inadmissible under the business records exception to the rule against hearsay.

Second, the Purchase and Sale Agreement and Joint License Agreement are not admissible hearsay under the "business records" exception because the Fifth Circuit has held that contracts and any other document with "independent legal significance" are not hearsay at all. *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994). Moreover, the court has refused to apply the rule against hearsay to copies of asset purchase agreements. *Levy v. McGill*, 137 Fed. Appx. 613, 616 (5th Cir. 2004). Here, both the Purchase and Sale Agreement and Joint License Agreement are purportedly contracts with their own legal meaning and significance; thus, they are not hearsay. Because neither agreement is hearsay, neither can be admissible under the "business records" exception to hearsay. Defendants have not proposed any other means by which these documents are admissible.

Assuming that this Court chooses to consider the commercial insurance application—which it should not, for the reasons set forth in Section I above—it likely satisfied the criteria to constitute a valid "business record" under Fed. R. Evid. 803(6). But in any event, the insurance application does nothing more than confirm that Diamond has a cause of action against First Insurance Agency, Inc., dba, Cobbs Allen of New Orleans

(as addressed in Section III below), which is a Louisiana corporation—thus defeating diversity and requiring remand.

The other three documents described above (the email and the two written agreements) are not admissible under the business records exception. The email is not an ordinary business record, and the question of whether the two agreements are admissible does not implicate the rule against hearsay at all. Thus, Defendants have not shown how these three documents could be admissible hearsay under the "business records" exception, and have not proposed any other path by which these documents may be admissible. Therefore, the documents are inadmissible during this summary inquiry on Diamond's Motion to Remand.

### III. Defendants' Evidence Supports Diamond's Position that It Has a Reasonable Chance of Recovery Against First Insurance, a Louisiana Corporation

Regardless of whether Defendants' documents are sufficiently authenticated, they indicate that Diamond has a meaningful chance of recovery against a Louisiana defendant: First Insurance Agency, Inc., dba, Cobbs Allen of New Orleans.

Even if this Court elects to consider the affidavit of Mr. Rice and the insurance application, they do not prove that Diamond has no meaningful chance of recovery against any Louisiana entity. The affidavit alleges that First Insurance Agency is the party that sold Diamond its policy.[10] First Insurance, a Louisiana corporation, became inactive in December of 2019—several months *after* Diamond's claim against First Insurance arose.[11] Louisiana's corporate jurisprudence is clear that revoking a corporation's articles

---

[10] Affidavit of Grantland, R. Doc. 23-1, ¶¶ 4-5.

[11] Information Certificate, First Insurance Agency, Inc., R. Doc. 12-4.

of incorporation does not affect any pre-existing causes of action against the corporation. *See, e.g.*, *Green v. BP Am. Prod. Co.*, CV 18-0888, 2018 WL 5931148, at *4 (W.D. La. Oct. 26, 2018), report and recommendation adopted, CV 18-0888, 2018 WL 5931114 (W.D. La. Nov. 13, 2018).

Moreover, Diamond seeks only a declaratory judgment against First Insurance—not any monetary recovery. Thus, it is immaterial whether the corporation has been purchased or liquidated, so long as it is still susceptible to having a declaratory judgment taken against it. Diamond has fully fleshed out this argument in its Reply Memorandum in Support of Motion to Remand.[12]

Thus, Defendants' admissible evidence only supports Magistrate Judge Whitehurst's recommendation to remand this matter to the 16th Judicial District Court for the Parish of St. Mary.

## IV. Conclusion

The arguments and affidavit of Mr. Grantland Rice IV that Defendants submitted alongside their Objection to Magistrate Judge Whitehurst's Report and Recommendation are "too little, too late." They are "too little" because they do not actually prove that Diamond has no meaningful chance of recovery against First Insurance, Inc. They are also "too late" because Defendants have long been on notice of Diamond's objection to the authenticity of their evidence and have had ample opportunity to argue their case, but purposely elected not to submit evidence on this issue.

---

[12] Diamond's Reply Memorandum in Support of Motion to Remand, R. Doc. 21-0, pp. 5-9, adopted and incorporated herein by reference.

It is undisputed that First Insurance was a Louisiana corporation at the time Diamond's cause of action arose. Defendants contend that First Insurance issued the Diamond policy sued upon in this lawsuit. Thus, Defendants allege that Diamond's cause of action is against First Insurance, which is a Louisiana entity. Accordingly, remand is appropriate even if everything that Defendants have alleged is true *and* even if this Court elects to consider Defendants' evidence.

Therefore, Diamond respectfully requests that this Court reject Defendants' Objections and adopt Magistrate Judge Whitehurst's Report and Recommendation.

Respectfully submitted,

s/ Mark E. Hanna
ALAN G. BRACKETT (#14094)
MARK E. HANNA (#19336)
TREVOR M. CUTAIAR (#33082)
JOSEPH S. TRYTTEN (#38921)
MOULEDOUX, BLAND, LEGRAND &
    BRACKETT, LLC
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:    (504) 595-3000
Facsimile:    (504) 522-2121
Email:    abrackett@mblb.com
         mhanna@mblb.com
         tcutaiar@mblb.com
         jtrytten@mblb.com
*Attorneys for Diamond Services Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all parties.

s/ Mark E. Hanna